**NOT FOR PUBLICATION**

JUN 28 2019

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PACIFICORP,

          Petitioner,

  v.

U.S. DEPARTMENT OF ENERGY;
BONNEVILLE POWER
ADMINISTRATION,

          Respondents.

No.   16-70245

**MEMORANDUM**\*

On Petition for Review of an Order of the
Bonneville Power Administration
Argued and Submitted June 11, 2019
Anchorage, Alaska

Before:  TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

Petitioner, PacifiCorp, seeks review of the Bonneville Power Authority's

("BPA") decision to retroactively bill customers given improper Short Distance

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Discounts ("SDDs"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We deny the petition for review.[1]

BPA argues that PacifiCorp's petition was untimely and that the panel lacks jurisdiction. The Northwest Power Act ("NWPA") provides that suit challenging BPA's actions must be filed "within ninety days of the time such action or decision is deemed final . . . or be barred." 16 U.S.C. § 839(e)(5). The NWPA does not define finality, so this court has applied "the more general doctrine of finality in administrative law." *Puget Sound Energy, Inc. v. United States*, 310 F.3d 613, 624 (9th Cir. 2002). The parties disagree as to when BPA's retroactive billing decision became final. The procedure BPA used in reaching its decision contributed to the confusion, as BPA did not go through ordinary agency procedures in reaching its decision. Nevertheless, we conclude that BPA's October 28, 2015 letter to PacifiCorp rejecting PacifiCorp's objections to the retroactive billing was the final action. Accordingly, PacifiCorp's January 26, 2016 petition was timely and the panel has jurisdiction.

---

[1] BPA filed a motion for consideration of extra-record materials and judicial notice (**Dkt. 87**). PacifiCorp filed a motion to file an overlength combined response and cross-motion (**Dkt. 94**) and filed a motion to submit extra-record material in support of its opposition to BPA's motions (**Dkt. 111**) We **DENY** both parties' motions.

BPA's decision to recoup SDDs to which PacifiCorp and other customers were not entitled was not arbitrary or capricious. BPA has authority under the NWPA to set rates and to retroactively bill its customers. *Indus. Customers of Nw. Utils. v. Bonneville Power Admin.*, 767 F.3d 912, 929 (9th Cir. 2014). BPA considered the financial impact its decision might have on its customers, as well as BPA's own role in contributing to the billing errors that necessitated the retroactive billing. BPA also considered whether its decision complied with its own policies and the NWPA. Finally, BPA justified its decision as to the amount PacifiCorp owed. In short, BPA's decision reflects "a rational connection between the facts found and the conclusions made" and so was "not arbitrary and capricious." *Or. Nat. Res. Council v. Lowe*, 109 F.3d 521, 526 (9th Cir. 1997).

**PETITION DENIED.**